UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL RUPPEL,<br><br>   Plaintiff,<br><br>  v.<br><br>EMPLOYEE BENEFITS SECURITY ADMINISTRATION,<br><br>   Defendant. | Civil Action No.<br>24-cv-11809-PGL |

**REPORT AND RECOMMENDATION**
**(AND ORDER TO REASSIGN CASE)**

**LEVENSON, U.S.M.J.**

*Pro se* plaintiff Michael Ruppel filed a Complaint against Defendant Employee Benefits Security Administration on July 12, 2024, in which he sought to compel Defendant to disclose records responsive to a December 3, 2023, Freedom of Information Act ("FOIA") request. Docket No. 1. Along with the Complaint, Plaintiff filed an Affidavit of Indigency (Docket No. 2), which I construed as a motion to proceed in forma pauperis under 28 U.S.C. § 1915(a).

On August 5, 2024, I denied without prejudice Plaintiff's motion to proceed in forma pauperis, noting that Plaintiff's "Affidavit of Indigency is on a state court form that does not include all information required under Section 1915." Docket No. 6. I directed Plaintiff to file a renewed motion to proceed in forma pauperis using Form AO 240, or else pay the $405 filing and administrative fee by August 26, 2024.[1] *Id.* Plaintiff was warned that failure to comply would result in the action being dismissed without prejudice. *Id.*

---

[1] I also ordered Plaintiff to file a copy of the December 3, 2023, FOIA request referenced in the Complaint, along with any response received from the federal agency. Docket No. 6. I explained

As of the date of this Report and Recommendation, Plaintiff has not filed a renewed motion to proceed in forma pauperis, nor has he paid the filing and administrative fee. Accordingly, the action should be dismissed without prejudice.

The parties have not consented to the jurisdiction of a Magistrate Judge in this case. Accordingly, I will treat this as a dispositive matter that is subject to the Report and Recommendation provisions of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. *See* R. 3(a)(15) ("Such other pretrial matters as are dispositive of a claim or defense").

## CONCLUSION

I direct the Clerk to assign this matter to a District Judge for purposes of considering whether to adopt this Report and Recommendation.

I recommend that the Court dismiss this action without prejudice.[2]

                                           /s/ Paul G. Levenson
                                           United States Magistrate Judge

Date: September 25, 2024

---

that if Plaintiff did not have a copy of the request and/or response(s), he should inform the Court via a status report. *Id.*

[2] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).